S. P. JESSUP v. SALLIE J. KIRBY AND HUSBAND, S. F. KIRBY; HOME
    OWNERS LOAN CORP., AND JOHN H. HALL, TRUSTEE (ORIGINAL
    PARTIES DEFENDANT), AND THOMAS L. JESSUP, ANNIE JESSUP BRITE
    AND HUSBAND, MILES BRITE; J. C. JESSUP, JR., CATHERINE L.
    JESSUP AND W. G. WRIGHT, GUARDIAN OF J. C. JESSUP, JR., AND
    CATHERINE L. JESSUP (ADDITIONAL PARTIES DEFENDANT).

(Filed 18 September, 1940.)

APPEAL by certain of defendants from *Burney, J.,* at April Term, 1940, of PERQUIMANS. Affirmed.

This is an action brought by the plaintiff against John H. Hall, Trustee, to restrain the sale of certain property and an accounting had so that plaintiff's indebtedness to Sallie J. Kirby, or her assigns, may be accurately determined.

Plaintiff alleges: "That, as plaintiff is informed, believes and avers, the defendant Home Owners Loan Corporation claims to be the owner of those two certain notes, each in the sum of $3,000.00, executed by the plaintiff to the said Sallie J. Kirby on January 15, 1936, and secured by the deed of trust to John H. Hall, Trustee, who, at the direction of said defendant, and with the (approval) of the said Sallie J. Kirby, has advertised the lands described in said deed of trust for sale on October 29, 1938. That, as plaintiff is informed, believes and avers, the said Home Owners Loan Corporation is not a holder in due course of said notes, or either of them," etc.

Various pleadings were filed and order was entered making additional parties defendants. The plaintiff demurred to the answers filed.

The cause came on to be heard upon said demurrers at April Term,

1940, at which time the following orders were entered: "In this cause it is ordered that the demurrer of S. P. Jessup to the answer of J. C. Jessup, Jr., Catherine Jessup by her guardian *ad litem,* T. B. Sumner, in so far as it sets up a counterclaim be sustained and said J. C. Jessup, Jr., and Catherine Jessup by her Guardian *ad litem,* T. B. Sumner, are hereby allowed 90 days in which to file an amended answer. John J. Burney, Judge Presiding."

To the foregoing order the defendants, J. C. Jessup, Jr., and Catherine Jessup by her guardian *ad litem,* T. B. Sumner, excepted, assigned error and appealed to the Supreme Court.

*"Order.* In this cause, it is ordered that the demurrer of S. P. Jessup to the answer of Miles Brite and Annie Jessup Brite in so far as it sets up a counterclaim be sustained and said Miles Brite and Annie Jessup Brite are hereby allowed 90 days in which to file an amended answer. John J. Burney, Judge Presiding."

The judgment was as follows: "This cause coming on now to be heard, and being heard, upon plaintiff's demurrer to the further answer and defense of the above entitled defendants in so far as same purports, for and on behalf of the defendant, Sallie J. Kirby, alone, to set out a counterclaim, and to seek affirmative relief, in that, in the event the covenant of seizin and/or the covenant against encumbrances in the deed from Sallie J. Kirby and husband to the plaintiff are found to have been breached, as alleged in the complaint, said further answer and defense seeks to have the said Sallie J. Kirby adjudged to be the owner of an undivided interest in, or entitled to a lien upon, all the lands owned by W. L. Jessup at the time of his death, and, particularly, that certain portion of said lands alleged to have been allotted to the plaintiff upon petition; And the Court being of the opinion that, for reasons therein assigned, the demurrer should be sustained: Now, Therefore, upon motion of McMullan & McMullan, attorneys for the plaintiff, it is Ordered, Decreed and Adjudged that the demurrer be, and the same is hereby sustained. It is further ordered that the original defendants be, and they hereby are, allowed 90 days from this date in which to amend their answer, if they so desire. John J. Burney, Judge Presiding."

To the foregoing judgment the defendants, Sallie J. Kirby and husband, S. F. Kirby, Home Owners Loan Corporation, and John H. Hall, Trustee, excepted, assigned error and appealed to the Supreme Court.

*McMullan & McMullan for plaintiff.*

*J. Kenyon Wilson for defendants, Sallie J. Kirby, Home Owners Loan Corporation, and John H. Hall, Trustee.*

*Whedbee & Whedbee for defendants, Julian C. Jessup, Jr., and Catherine L. Jessup.*

PER CURIAM. Sallie J. Kirby conveyed certain land to plaintiff, who in turn made a deed of trust on same to John H. Hall, Trustee, who advertised same for sale under the deed of trust. The plaintiff brought an action to restrain the sale, alleging that the trustee had notice of his equities against Sallie J. Kirby.

The pleadings will disclose that this is an action to recover damages for breach of covenants of seizin and against encumbrances, incorporated in a deed from the defendants, Sallie J. Kirby and husband, to the plaintiff. The transaction constituting the foundation of plaintiff's claim is the incorporation of the covenants of seizin and against encumbrances in the deed aforesaid. The subject of his action is the breach of those covenants.

It is contended by plaintiff the defenses and counterclaim asserted by defendants do not comply with the statute, as follows: N. C. Code, 1939 (Michie), sec. 521: "The counterclaim mentioned in this article must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action: 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

The court below sustained the demurrers of plaintiff. Without going into the controversy in detail, we are of the opinion that the order and judgment of the court below appealed from must be sustained.

Affirmed.